UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br>　　　　　Plaintiff,<br>　　v.<br>TACO BELL CORP., et al.,<br>　　　　　Defendants. | Case No. 21-cv-08748-KAW<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. Nos. 25, 26 |

On May 24, 2022, the Court dismissed Plaintiff's complaint, finding that the complaint was deficient. (Dkt. No. 22 ("Dismissal Order").) The Court dismissed Plaintiff's negligence and negligent infliction of emotional distress claims without leave to amend. As to Plaintiff's intentional infliction of emotional distress claim, the Court gave Plaintiff leave to amend, but stated that Plaintiff "must plead sufficient facts to demonstrate severe emotional distress. Failure to do so will result in the claim being dismissed with prejudice. **Plaintiff may not add new claims**." (*Id.* at 6 (emphasis added).)

Plaintiff's amended complaint was due within 21 days of the May 24, 2022 order. Plaintiff did not file an amended complaint. On July 5, 2022, the Court issued an order to show cause, requiring Plaintiff to explain why the case should not be dismissed for failure to prosecute. (Dkt. No. 24.) The Court warned that failure to timely respond to the order would result in the case being dismissed for failure to prosecute. Plaintiff's response to the order to show cause was due by July 22, 2022, but Plaintiff did not file a response.

On July 28, 2022, the Court issued a second order to show cause, requiring Plaintiff to explain why the case should not be dismissed for failure to prosecute. (Dkt. No. 25.) The Court ordered Plaintiff to: (1) file his amended complaint, and (2) explain why Plaintiff failed to comply

1 with the Court's orders. (*Id.* at 1.) The Court again warned that failure to timely respond to the order would result in the case being dismissed for failure to prosecute. (*Id.* at 1-2.)

On August 4, 2022, Plaintiff filed his response to the order to show cause. Plaintiff explained that he was unable to view and download court documents from March 11, 2022 through July 5, 2022. (Dkt. No. 26 ¶ 7.) Plaintiff requested "an extension of time to file his amended complaint so that he can file a harassment complaint with California Fair Housing and Employment to receive a Right-to-Sue Notice." (*Id.* ¶ 9.) Plaintiff contends that while he is an independent contractor, he is still protected from harassment in the workplace. (*Id. ¶* 11.)

Having reviewed Plaintiff's response, the Court DENIES Plaintiff's request for an extension of time to file his amended complaint. The Court previously found Plaintiff's claims for whistleblower retaliation, negligence, and negligent infliction of emotional distress to be defective because they were based on an employment relationship with Defendants. (*See* Dkt. No. 7 ("Screening Order") at 2-4; Dismissal Order at 3-4.) As the Court has repeatedly explained, however, Plaintiff is not an employee or independent contractor of Defendants. Rather, Plaintiff worked for *Postmates* as a food delivery driver; he only picked up food at Taco Bell. This does not make him Taco Bell's worker; otherwise, Plaintiff would be a worker of every food establishment from which he picked up food. (*See* Screening Order at 4 ("Again, Plaintiff is not an employee and contractor of Defendants; he was only at Taco Bell to pick up orders in the course of his work for Postmates."); Dismissal Order at 4 (dismissing negligent infliction of emotional distress claim with prejudice because of "Plaintiff's continued reliance on an employment relationship with Defendants when no such relationship exists").) Thus, Plaintiff cannot bring a claim based on an employment relationship between himself and Defendants, and there is no basis for giving Plaintiff time to obtain a Right-to-Sue Notice before filing an amended complaint.

The Court DISMISSES Plaintiff's case per 28 U.S.C. § 1915(e)(2) because Plaintiff fails to state a claim on which relief may be granted. Plaintiff was given leave to amend his complaint as to the intentional infliction of emotional distress claim **only**. (Dkt. No. 22 at 6.) Plaintiff has not done so and has demonstrated no intent to do so. Indeed, Plaintiff does not mention amending

United States District Court
Northern District of California

his intentional infliction of emotional distress claim, and instead only seeks to add new claims which lack merit. Accordingly, the case is dismissed with prejudice.

The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: October 6, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge